NOT DESIGNATED FOR PUBLICATION

No. 116,827

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LONNIE A. DAVIDSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed August 4, 2017. Affirmed.

Submitted for summary disposition by the parties pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before PIERRON, P.J., GREEN and HILL, JJ.

PER CURIAM: Lonnie A. Davidson appeals the district court's decision to impose a 180-day prison sanction before reinstatement of his probation. Finding no error, we affirm the district court.

On February 19, 2015, Davidson pled guilty to one count of offender registration violation under K.S.A. 2014 Supp. 22-4903(a), (c)(1)(A) and K.S.A. 2014 Supp. 22-4905(g), a severity level 6 person felony. The district court sentenced him to 24 months' probation, with an underlying sentence of 17 months in prison.

1

On January 25, 2016, the State issued an order to appear alleging Davidson had violated the conditions of his probation by (1) failing to report to his ISO; (2) failing to start drug and alcohol treatment; and (3) submitting two positive urine analysis (UA) tests. The district court held a probation violation hearing on February 26, 2016. Davidson stipulated to violating the conditions of his probation. The district court ordered a 3-day jail sanction, followed by 60 days of incarceration.

On August 16, 2016, the State issued a warrant, alleging Davidson had violated the conditions of his probation by (1) submitting a positive UA test; (2) failing to attend drug and alcohol treatment; (3) failing to report to his ISO; and (4) admitting to using methamphetamine. The district court held a probation violation hearing on September 1, 2016. Davidson admitted to the first three allegations and did not contest the fourth. The district court imposed a 180-day prison sanction and extended Davidson's probation by 24 months.

On appeal, Davidson argues the district court abused its discretion by ordering him to serve a 180-day sanction before reinstatement of probation. Probation from a sentence is an act of grace by the sentencing judge and unless otherwise required by law, the sentencing judge grants it as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

We find the district court's decision to impose a 180-day prison sanction before reinstatement of Davidson's probation was not arbitrary, fanciful, or unreasonable. The court's decision was also not based on an error of fact or law. Davidson had already

2

served one intermediate sanction, and K.S.A. 2016 Supp. 22-3716(c)(1)(D) authorizes the district court to impose a 180-day prison sanction after a defendant has served at least one intermediate sanction. Accordingly, we affirm the district court's decision to impose a 180-day prison sanction on Davidson for violating the conditions of his probation.

Affirmed.